# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EDWARD L. MASON, JR., | } |
| Plaintiff, | } |
| v. | } Case No.: 2:17-cv-00336-RDP |
| SUNBEAM PRODUCTS, INC., | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand. (Doc. # 10). The parties have fully briefed the motion. (Docs. # 17, 18). The court held a hearing on this motion on April 19, 2017. After careful consideration of the removal papers and the parties' briefs, and with the benefit of oral argument, the court concludes that the motion (Doc. # 10) is due to be denied.

### I.   Procedural History and Background Facts

On January 24, 2017, Plaintiff filed his Complaint in the Circuit Court of Jefferson County, Alabama, asserting one claim of negligence and one claim under the Alabama Extended Manufacturers' Liability Doctrine. (Doc. # 1-1 at 2-8) (hereinafter "Complaint"). Plaintiff claims that a heating pad manufactured by Defendant "failed to shut off and caused burn injuries to [his] left calf." (Complaint at ¶ 10). Plaintiff's damages include burn injuries to his left calf, scarring on his left calf, pain and suffering, surgical procedures, and "past and future hospital, doctor, therapy, and prescription expenses." (*Id.* at ¶ 16). Plaintiff only seeks compensatory damages from Defendant. (*Id.* at ¶¶ 16, 22).

On March 1, 2017, Defendant removed this case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. (*See* Doc. # 1). Defendant based its removal upon diversity jurisdiction that it had ascertained from the complaint. (*Id.* at 4). According to Defendant, a reasonable expectation of damages from burns that have resulted in multiple surgeries and will require future medical care exceeds $75,000. (*Id.*). Defendant's notice of removal lists several suits where Alabama juries have awarded verdicts greater than $75,000 for negligence and products liability claims. (*Id.* at 4-5).

At the motion hearing, on the record, Plaintiff's counsel candidly informed the court that the hospital where Plaintiff was treated has filed a medical lien for approximately $50,000 in medical bills.

## II.     Standard of Review

Pursuant to 28 U.S.C. § 1332, the court has subject matter jurisdiction over a case involving state law claims where there is both complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00. A removing party bears the burden of establishing subject matter jurisdiction over a case removed to this court. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). When the damages at issue in an action are unspecified, a removing party "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). But, the "court[ ] may use [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Further, federal courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313

(11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

**III.   Analysis**

In a case such as this one, where a plaintiff has not demanded a specific amount of damages in the initial pleading, "a removing defendant is not required to the prove the amount in controversy beyond all doubt or to banish all uncertainty about it," *Pretka*, 608 F.3d at 754; rather, it must prove that "the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement," *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). Defendant highlights (1) the types of claims Plaintiff raises (*i.e.*, products liability and negligence claims that seek compensatory damages), (2) the value of similar cases, and (3) the severity of burns that Plaintiff suffered.

Defendant has met its burden and has demonstrated by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. A defendant may satisfy its burden by submitting additional evidence to demonstrate that the jurisdictional minimum is met. *See Pretka*, 608 F.3d at 772-74 (confirming that a district court may consider jurisdictional evidence attached to a brief opposing remand in an action removed within 30 days of service of the complaint). Here, Defendant has submitted photographic evidence of the severe burns over a large portion of Plaintiff's leg. And, it is at least instructive that Plaintiff has at no point argued that he seeks less than $75,000. In his reply brief, Plaintiff insists that the court cannot rely exclusively on this refusal to stipulate because relying on such strategic conduct by a party improperly shifts the burden of proof from the removing party. (Doc. # 18 at 3-4). The court agrees. Nevertheless, the court can consider the lack of such a

stipulation as a factor against remanding an action, in conjunction with other evidence supporting the amount in controversy requirement. *Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1286-87 (N.D. Ala. 2013).

Armed with its "judicial experience and common sense," the court finds that Defendant has demonstrated that the amount in controversy more likely than not exceeds $75,000. *Roe*, 613 F.3d at 1062. In addition to the evidence presented, the court is permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" when assessing the amount in controversy. *Pretka*, 608 F.3d at 754. Here, Plaintiff suffered burn injuries and seeks compensatory damages for both the resulting medical expenses and his pain and suffering. (*See* Complaint at ¶ 16). Plaintiff's counsel has conceded on the record that the hospital lien for medical expenses is approximately $50,000. Alabama law requires a jury to award sufficient compensation for pain and suffering damages, in addition to a plaintiff's uncontradicted special damages.[1] *Allen v. Briggs*, 60 So. 3d 899, 905 (Ala. Civ. App. 2010). In *Allen*, a negligence action arising from a motor vehicle accident, the Alabama Court of Civil Appeals affirmed a $30,000 verdict that included approximately $14,000 for uncontroverted special damages and approximately $16,000 in compensation for other damages, including pain and suffering. *See id.* at 905-06. If a jury awarded Plaintiff pain and suffering damages roughly equivalent to the medical expenses established by the hospital lien, then that jury would award Plaintiff a verdict which well exceeds $75,000. Based on the court's common sense valuation, and informed by reasonable deduction, the court concludes that "[w]hile it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative" to conclude that it exceeds $75,000. *Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009).

---

[1] It is well settled that a jury has discretion to calculate the appropriate amount of damages. *E.g.*, *Ex parte Courtney*, 937 So. 2d 1060, 1062 (Ala. 2006) (quoting *Smith v. Darring*, 659 So. 2d 678, 679 (Ala. Civ. App. 1995)).

## III. Conclusion

For the reasons outlined above, Plaintiff's Motion to Remand (Doc. # 10) is due to be denied. A separate Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 24, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE